504

## DEMING v. WARDMAN CONST. CO., Inc., et al.
### No. 4830.

Court of Appeals of District of Columbia.
Argued Feb. 3, 1930.
Decided March 3, 1930.

W. C. Sullivan, of Washington, D. C., for appellant.

Daniel Thew Wright and Philip Ershler, both of Washington, D. C., for appellees.

Before MARTIN, Chief Justice, and ROBB and VAN ORSDEL, Associate Justices.

ROBB, Associate Justice.

Appeal from a decree in the Supreme Court of the District sustaining motions to dismiss and dismissing appellant's bill claiming a mechanic's lien upon premises known as Stoneleigh Court, on the ground (among others) that the bill shows on its face that appellant made no contract with the owner of the property.

The bill discloses that on the 19th of January, 1926, the Connecticut Avenue Realty Corporation entered into a contract with the Wardman Construction Company, Inc., whereby the realty corporation contracted to furnish labor, material, and supervision in connection with the remodeling and alterations of the Stoneleigh Court building on Connecticut avenue in the city of Washington; and that thereafter, to wit, on the 1st day of March, 1926, the Connecticut Avenue Realty Corporation entered into a contract with appellant whereby appellant agreed to furnish plans and specifications and the supervision of the work on Stoneleigh Court upon stated terms and conditions. Appellant performed the services as agreed.

On March 9, 1926, the Realty Corporation acquired title to and ownership in the real estate involved, and on the same day executed and recorded among the land records of the District three deeds of trust—one to the National Savings & Trust Company; another to the American Security & Trust Company; and the third to James D. Hobbs and Earl MacIntosh, trustees.

Appellant does not contend that he acquired a right to a lien upon the date of his contract with the realty corporation, but he does contend "that his right to a lien under his aforesaid contract Exhibit 'A' attached to the said hereinbefore described lands and premises immediately upon the acquisition of title thereto by the said Connecticut Avenue Realty Corporation." If he is wrong in this, it will be unnecessary to consider other questions raised by the motions to dismiss.

Section 1237 of our Code, entitled "Mechanic's Lien," reads as follows: "Every building erected, improved, added to, or repaired by the owner or his agent, and the lot of ground on which the same is erected, being all the ground used or intended to be used in connection therewith, or necessary to the use and enjoyment thereof, to the extent of the right, title, and interest, at that time existing, of such owner, whether owner in fee or of a less estate, or lessee for a term of years, or vendee in possession under a contract of sale, shall be subject to a lien in favor of the contractor with such owner or his duly authorized agent for the contract price agreed upon between them, or, in the absence of an express contract, for the reasonable value of the work and materials furnished for and about the erection, construction, improvement, or repair of or addition to such building, or the placing of any engine, machinery, or other thing therein or in connection therewith so as to become a fixture, though capable of being detached: Provided, That the

person claiming the lien shall file the notice herein prescribed."

In determining whether a right to a lien exists the statute should be strictly construed, it being in derogation of the common law; but where the right to a lien is clear, and the question is whether the claimant has proceeded properly, the statute should be liberally construed in his favor. Fidelity Storage Corp. v. Trussed Concrete Steel Co., 35 App. D. C. 1, 9, 20 Ann. Cas. 1157. See, also, Langley v. D'Audigne, 31 App. D. C. 409. It is apparent, therefore, that appellant's right to a lien must rest solely upon the express terms of the statute.

That statute, after providing that the erection or improvement must be "by the owner or his agent," makes his then existing interest "subject to a lien in favor of the contractor *with such owner or his duly authorized agent* for the contract price agreed upon between them, or, in the absence of an express contract, for the reasonable value of the work and materials furnished." This language is unambiguous, and, unless it is to be given a strained interpretation, it must be held that the status of the parties at the time of the contract must determine the question of the right to a lien; and there is reason for this, as the record in the present case demonstrates.

The Connecticut Avenue Realty Corporation when it entered into the contract with appellant was neither the owner nor the agent of the owner of the property. Under the statute the execution of this contract conferred no right to a lien in favor of appellant. Third parties had a right to deal with the property on that basis. When, therefore, the National Savings & Trust Company, the American Security & Trust Company, and Hobbs and MacIntosh accepted deeds of trust from the realty company on the same date it acquired title, those grantees had a right to assume that there was no lien ahead of them because of any contract between the realty company and appellant, and yet, if appellant's contention is sustained, his lien would take priority over theirs.

When appellant entered into the contract with the realty company he was not relying upon any right to a lien on the property, but was giving credit to the realty company. He concedes that he then acquired no right to a lien. The statute does not provide that such right shall thereafter arise by reason of a changed status of the parties. In this case the realty company acquired title within a short time after the contract was made, but that was a mere fortuitous circumstance, as the acquisition of title might not have occurred for a year or longer, or not at all. Since notice of an intention to claim a lien may be filed at any time during the progress of the work or within three months thereafter (section 1238), it follows, if appellant's contention is correct, that should the person with whom the lien claimant contracted acquire title to the premises after the completion of the work, but before the expiration of the three months' period, the right to a lien would attach. Such a result would do violence to the intent and meaning of the statute.

The decree is affirmed, with costs.

Affirmed.